UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

FILED SCRANTON
MAR 2 8 2011
Per  M.E.P
DEPUTY CLERK

LEO F. SCHWEITZER, III,

    Plaintiff

v.  :  CIVIL NO. 3:CV-08-1806

THE UNITED STATES, et al.,

    Defendants

## MEMORANDUM

Plaintiff, Leo F. Schweitzer, III, at the time an inmate confined at the Federal Prison Camp at Canaan, Waymart, Pennsylvania, originally filed this action in the United States District Court for the Middle District of Pennsylvania on October 18, 2007.[1] He asserts claims pursuant to 28 U.S.C. § 2671 et. seq. (the Federal Tort Claims Act), Title 42 U.S.C. §§ 1983, 1985(3), and 1988, and also under the common law of Pennsylvania. (Doc. 15, Compl. at 11.) His motion to proceed in forma pauperis was construed to be a motion to proceed without full prepayment of fees and

---

[1] In accessing the Inmate Locator on the Bureau of Prisons website it appears that Schweitzer was released from confinement on March 1, 2011. See www.bop.gov.

costs, and granted.[2] In the complaint, Schweitzer names over fifty (50) defendants including the United States, the Attorney General and the Solicitor General of the United States, numerous Judges, Assistant United States Attorneys, United States Probation and Parole, Federal Bureau of Investigation and Department of Defense personnel, private attorneys, law firms and townships. On April 14, 2008, the case was transferred to the United States District Court for the Eastern District of Pennsylvania on the basis of venue. On September 2, 2008, pursuant to the provisions of 28 U.S.C. § 292(b), the United States Court of Appeals for the Third Circuit issued a "Designation of District Judge for Service in Another District Within the Circuit" (Doc. 10), designating and assigning the undersigned to serve as the judge in this matter. The action continues to proceed in the Eastern District Court pursuant to the Eastern District docket number. Service of the complaint was thereafter directed. Presently pending before the court are six (6) motions to dismiss the complaint filed on behalf of various Defendants. The instant Memorandum will address the motion filed by Defendants Gavin Lentz, Esquire and Bochetto & Lentz, P.C. (Doc. 23), as well as the motion filed by Defendant Conrad O'Brien, P.C. (Doc. 30). For the reasons that follow, both motions will be granted.

---

[2] Through the submission of partial payments pursuant to the Administrative Order of November 19, 2007, Schweitzer has paid the entire filing fee in this action.

I.  **Allegations in Complaint**[3]

Undoubtedly, a review of the complaint in this action is an undertaking. It consists of over 200 paragraphs, names in excess of 50 Defendants, and is divided into "Acts" for the court's reading pleasure. In Act One, Schweitzer begins with events occurring between the time period of 1977-1983 when he owned Alchemy, Inc., a Pennsylvania corporation and defense contractor for the United States Department of Defense. He details how his company suffered damages at the hands of the DOD in excess of $4 million dollars causing him to file a Federal Tort Claim, and ultimately file for reorganization under Chapter 11. He further maintains the DOD violated his First, Fourth, Fifth and Sixth Amendment rights.

Schweitzer thereafter provides a litany of details with respect to the events that transpired from 1983 through July of 1985 with respect to a criminal investigation that was conducted against him by the FBI and other named federal Defendants. He raises numerous claims against these Defendants, as well as counsel that represented him pertaining to the indictments issued in his criminal case. He also sets forth claims with respect to the trial that followed before Defendant Huyett of the United

---

[3] Only those allegations set forth in the complaint that are relevant to the Defendants filing the motions being addressed herein will be set forth with specific detail.

3

States District Court for the Eastern District of Pennsylvania.[4] On July 13, 1985, Schweitzer was found guilty of filing false statements and mail fraud, offenses under 18 U.S.C. §§ 1001 and 1341. He was sentenced on October 25, 1985, to fifteen (15) years in prison and the payment of $500,000.00 restitution to the DOD.[5] His conviction was affirmed by the United States Court of Appeals for the Third Circuit on August 27, 1986. A motion filed pursuant to 28 U.S.C. § 2255 was denied on October 26, 1988. Schweitzer remained in federal custody from October of 1985 through 1990, and was thereafter released on parole in October of 1990. "Act One" concludes with Schweitzer's claims against Defendant Simpson, Regional Parole Commissioner, for denying a request to release him from parole supervision.

In "Act Two" Schweitzer provides details with respect to his arrest on January 24, 1995, pursuant to a criminal complaint filed by Defendant McKenney, an FBI agent. He claims that McKenney thwarted his bid for bail with the help of Defendant AUSA Goldberg and DOD agents by falsely advising the Magistrate Judge that a parole violator warrant based on the "void" 1985 judgment would be lodged against

---

[4] In the complaint, Schweitzer alleges that Huyett committed error when he made a "Materiality Element" determination as a matter of law and instructed the jury that said element was established, thus directing a verdict in the case.

[5] Throughout the remainder of his complaint, Schweitzer refers to this conviction as the "void 1985 conviction."

4

him. He further complains about the locations and circumstances of where he was then confined, specifically his confinement in Homesburg, and believes it was for the purpose of inducing him to plead guilty. He also claims that threats to indict several members of his family were made by these Defendants to coerce his plea.

Allegations first surface in the complaint with respect to Defendants Lentz and Bochetto & Lentz, P.C. following their appointment by the court to represent him with respect to the above-referenced criminal complaint. He states that Defendant Lentz reviewed the complaint and informed him that the charges against him were for unpaid bills, and were nothing more that State law breach of contract claims. Schweitzer ultimately entered into a plea agreement wherein the government agreed to a 27-33 month prison term. The agreement was accepted by Defendant Judge Newcomer of the United States District Court for the Eastern District of Pennsylvania on or about August 21, 1995.

At some point later in the summer of 1995, Schweitzer states he learned of the "Gaudin v. United States" decision which he contends supports his claim that his 1985 criminal conviction is void.[6] He states he raised this issue before Defendant Newcomer, and objected to the use of the 1985 conviction for the purpose of

---

[6] While Schweitzer does not provide a citation for Gaudin, the court believes he is referring to the case of U.S. v. Gaudin, 515 U.S. 506 (1995).

5

sentencing enhancements with respect to the case in which he had recently entered a plea. According to Schweitzer, Newcomer refused to hear his objections unless in writing, and postponed his sentencing. Schweitzer claims that Lentz refused to argue the Gaudin case, and claimed that he was only representing Schweitzer for the purpose of entering a plea. At this point, some time prior to November of 1995, Schweitzer terminated his representation by Defendants. (Doc. 15 at ¶ 74), and notified Judge Newcomer. Thereafter, he filed a "Writ of Error Coram Nobis" in an effort to preserve his Gaudin argument. However, Defendant Newcomer refused to consider the Gaudin argument and, on November 7, 1995, imposed an enhanced sentence of 41 months. Newcomer informed Plaintiff that any argument with respect to the Gaudin case would have to be presented to Defendant Huyett, the original sentencing judge with respect to the 1985 conviction. According to Schweitzer, a Notice of Appeal was filed with regard to this decision.

Based on the foregoing, Schweitzer states that Defendants Goldberg, McKenney, and all Defendants including Lentz and Bochetto & Lentz, P.C. are responsible for his harm. Schweitzer specifically alleges that "Attorney Lentz failed to protect [him], failed to properly investigate the prior conviction, and failed to zealously champion [his] constitutional rights." (Id. ¶ 82.)

In "Act Three" of the Complaint, Schweitzer contends that on November 30,

6

1995, he filed a Writ of Error Coram Nobis with Judge Huyett in the Eastern District of Pennsylvania challenging his 1985 conviction on the basis of the Gaudin decision. After receiving no response thereto, he motioned the Clerk of Court to enter default. He states that this occurred sometime between December of 1995 and January of 1996. He claims that despite the existence of a valid default, Defendant Judson A. Aaron, "an attorney who, depending upon circumstances, either worked for Conrad, O'Brian (sic), Gellman, and Rhon, P.C. or as an AUSA" filed a "courtesy copy" of the government's response to the writ on February 16, 1996, in an effort to circumvent the default and urge the court to protect the "void" 1985 judgment from review. (Doc. 15 at ¶¶ 93-95.) On March 21, 1996, Judge Huyett failed to grant Schweitzer relief from the 1985 conviction and sentence.[7]

Schweitzer seeks to hold Conrad O'Brien liable for violating his rights on the basis that Aaron may or may not have been a shareholder of their firm at the time he filed a response to the writ. As relief, Schweitzer demands compensatory damages in the amount of $1,154,901,390.00, as well as costs, fees and whatever the court deems just.

## II. Motion to Dismiss Standard

---

[7] While there are numerous allegations remaining in the complaint, none pertain to the claims set forth against Defendants Lentz and Bochetto and Lentz, P.C. and Conrad O'Brien P.C. As such, they will not be set forth herein.

7

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the...claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949,

173 L. Ed. 2d 868 (2009)(explaining that Rule 8 requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

#### A. Defendants Lentz and Bochetto & Lentz, P.C.

Defendants Lentz and Bochetto & Lentz, P.C. maintain that even assuming the truth of Schweitzer's allegations against them, his claims are first subject to dismissal because any conceivable statute of limitations has expired. In support of this argument, they correctly state that the claims set forth against them arise out of Defendants' representation of him pursuant to his January 24, 1995 arrest.

9

Schweitzer specifically challenges Defendants' refusal to zealously advocate on his behalf, and admits in the complaint that he terminated Defendants' representation sometime prior to November of 1995. (Doc. 15 at ¶ 74.) The instant complaint was not filed until October 18, 2007, twelve plus years following Schweitzer's termination of Defendants' representation.

It is well established that "[s]ections 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims." Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (3d Cir. 2004) quoting Goodman v. Lukens Steel Co., 482 U.S. 656, 660-62 (1987); see also Wilson v. Garcia, 471 U.S. 261, 277-280 (1985); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). In Pennsylvania the statute of limitations applicable to personal injury actions is two (2) years. 42 Pa.C.S.A. § 5524(7). As such, the applicable statute of limitations for any claim Schweitzer attempts to state under §§ 1981, 1983 and/or 1985 is two (2) years. Further, to the extent Schweitzer seeks to raise state claims for negligence or based on a contract, the applicable statutory periods are two (2) and four (4) years respectively.[8]

In carefully reviewing the complaint, it is clear that the conduct giving rise to the claims set forth against Defendants Lentz and Bochetto &Lentz, P.C. is barred by

---

[8] See 42 Pa.C.S. §§ 5524(7) and 5525 (2009).

the applicable statute of limitations. Based upon the allegations in the complaint, it is clear that the conduct alleged could have occurred no earlier than late January of 1995, when Defendants were appointed by the court to represent Schweitzer, and ended with the termination of that relationship sometime prior to November of 1995. The instant complaint was not filed until October 18, 2007, well outside any 2 and/or 4 year statutory period.

In his opposition brief, Schweitzer vigorously attempts to establish a link between Defendants' alleged actions and conduct that occurred following the termination of the attorney-client relationship. His efforts fail to state a claim on several fronts. First, in his epic-length opposition brief, Schweitzer sets forth pages of additional facts that do not appear in the complaint. It is well established that courts need not consider these additional claims. See Aldinger v. Spectrum Control, Inc., 207 F. App'x 177, 180 n.1 (3d Cir. 2006); Grayson, 293 F.3d at 109 n. 9. Further, to the extent he believes he can amend his complaint to remedy any of the deficiencies, he is also mistaken. Any amendment would be futile with respect to these Defendants. While Schweitzer attempts to circumvent the statute of limitations bar by arguing numerous different theories including conspiracy and continuing violation, his conclusory allegations fail to support any such theories or associate these Defendants in any way to the remaining Defendants or any alleged illegal

11

activity occurring following the date he terminated his relationship with Bochetto and Lentz, P.C.[9] For these reasons, Defendants' motion to dismiss (Doc. 23) will be granted.

### B. Defendant Conrad O'Brien P.C.

Defendant Conrad O'Brien P.C. moves to dismiss Schweitzer's complaint on the basis that he fails to sufficiently plead a viable cause of action and, in the alternative, that any claims against them are barred by the statute of limitations. The claims against Conrad O'Brien, P.C. are based on Schweitzer's allegation that an attorney, Judson Aaron, improperly provided a courtesy copy of the government's response to a Writ of Error Coram Nobis he had pending in the Eastern District of Pennsylvania, where notice of default had been entered by the Clerk of Court due to the government's failure to respond thereto. Schweitzer seeks to impose liability upon Conrad O'Brien, P.C. for Aaron's actions which he deems to be an improper attempt to circumvent default. He does so by claiming that when the conduct

---

[9] Although Defendants' additional arguments with respect to § 1983 (not state actors), § 1985(3) (no racial, class-based or invidiously discriminatory animus) and § 1988 (no private cause of action) are well-taken, the court need not address them in light of the statute of limitations bar. In addition, while Defendants supplement their motion to dismiss by arguing that Schweitzer now falls within the PLRA's "Three Strikes" provision set forth at 28 U.S.C. § 1915(g), the court finds this argument to be without merit. The docket reflects that since being granted in forma pauperis status, he has paid the full filing fee via his partial periodic payments to the court during the pendency of this action.

12

occurred, Aaron was an attorney who either worked for Conrad O'Brien or as an AUSA.

In moving to dismiss Schweitzer's complaint, Defendant first argues that no viable claim for relief is stated because regardless of where Aaron was employed at the relevant time, the mere filing of a courtesy copy of a brief fails to set forth an actionable claim. Plaintiff's own allegation demonstrates that he is uncertain if Aaron was even affiliated with the Defendant at the time. Defendant argues that such unsupported speculation fails to comply with the requirements of Twombly and Iqbal. Defendant's argument is well-taken.

More important, however, is the criminal docket for the case in the Eastern District of Pennsylvania in which Aaron allegedly engaged in the conduct violating Schweitzer's civil rights. This court can take judicial notice of the docket in Schweitzer v. United States of America, Criminal No. 84-00097 (E.D. Pa.). See Cooper v. Pa. State Att'y Gen., No. 2:06-cv-1332, 2007 WL 2492726, at *2 (W.D. Pa. Aug. 30, 2007)(reiterating that a federal court may take judicial notice of court records and dockets). In doing so, it is evident that Aaron was employed as an Assistant United States Attorney at the time in question, and submitted the disputed document in that capacity. For these reasons, it would appear that Schweitzer is unable to state any claim against Conrad O'Brien P.C. based not only upon his own

13

conjecture, but clearly based on the docket in the underlying criminal matter.

Moreover, even if Schweitzer could somehow be found to state a viable claim against Conrad O'Brien, P.C. through Aaron's conduct, any such claim is clearly barred by the statute of limitations. Previously in this Memorandum, the court set forth the applicable law with respect to the statute of limitations for civil rights action and the relevant state law claims. Any violations pursuant to §§ 1981, 1983 and/or 1985 had to be filed in this court within 2 years. Aaron's challenged conduct took place on February 16, 1996. Even if Schweitzer was not aware of the conduct at the time it occurred, he was surely on notice by March 21, 1996 when he alleges Judge Huyett failed to grant him relief from the 1985 judgment pursuant to the writ he had filed. The instant complaint was not filed until October 18, 2007, over eleven (11) years later.

The same applies with respect to any state malicious prosecution claim Schweitzer attempts to set forth. As early as the date of his arrest on January 24, 1995, Schweitzer had notice of the necessary facts to set forth a claim. Even if the date of Schweitzer's sentencing on November 7, 1995, or Aaron's alleged action on February 16, 1996, were used to trigger the running of the applicable statutory period, the instant action is clearly time-barred with respect to any conceivable claim against Conrad O'Brien P.C.

14

In his opposition brief, Schweitzer attempts to overcome the statute of limitations bar by setting forth numerous claims not included in the complaint. He does so in an effort to somehow establish that Conrad O'Brien, P.C. conspired with other Defendants in a mastermind scheme to trigger every criminal finding of guilt against him, and every financial loss suffered by him. His bare allegations are nothing more than wholly unsupported speculation. For these reasons, the motion to dismiss filed by Defendant Conrad O'Brien, P.C. will also be granted. An appropriate order follows.