UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LEO F. SCHWEITZER, III,  :
:
    Plaintiff  :
:
    v.  : CIVIL NO. 3:CV-08-1806
:
THE UNITED STATES, et al.,  :
:
    Defendants  :

FILED
SCRANTON
MAR 3 0 2011
PER /s/ DEPUTY CLERK

## MEMORANDUM

This matter proceeds on a lengthy complaint filed by Leo F. Schweitzer pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2671 et seq., Title 42 U.S.C. §§ 42 U.S.C. 1983, 1985(3) and 1998, and Pennsylvania common law. Presently before the court for consideration is a motion to dismiss filed by Defendants Nasuti and Miller, and Jeffrey Miller, Esquire (Doc. 26). The court will assume the familiarity of the parties with the procedural and factual background of the case as set forth in the Memorandum and Order of March 28, 2011. (Docs. 72, 73.) As such, only the pertinent history will be provided herein, and only the allegations specific to the moving Defendants will be fully set forth.

I.    **Allegations in Complaint**

Schweitzer sets forth allegations in his complaint dating back as far as 1977

and spanning the time period up until the filing of this action. He sets forth a plethora of alleged violations by Defendants including the United States, as well as numerous governmental and private persons and entities. The claims set forth against the moving Defendants are not detailed until the latter end of Schweitzer's submission. In the earlier part of the complaint, he alleges many claims with respect to his criminal trial and conviction in 1985 in the United States District Court for the Eastern District of Pennsylvania on charges of mail fraud and filing false statements, and his sentence of fifteen (15) years in prison and the payment of $500,000.00 restitution. He further sets forth allegations relating to his efforts to challenge this conviction by direct appeal and the filing of a § 2255 motion.

Schweitzer also sets forth claims against a number of federal Defendants named in this action relating to his release on parole in October of 1990, and subsequent arrest in January of 1995, pursuant to a criminal complaint. He includes allegations with respect to court-appointed counsel who represented him with respect to the new criminal matter, and challenges to his 1985 conviction, which he maintains is "void" due to a decision issued by the United States Supreme Court in Gaudin v. United States in 1995. Schweitzer alleges unlawful conduct against various Defendants with respect to a plea agreement on the new criminal charges for a 27-33 month prison term, but where an enhanced sentence of 41 months was ultimately

2

imposed on November 7, 1995.

Further allegations are included in the complaint with respect to a Writ of Error Coram Nobis Schweitzer filed on November 30, 1995, attempting to challenge his "void" 1985 conviction in the sentencing court on the basis of the Gaudin decision. He asserts claims with respect to the filing of said Writ against numerous Defendants including private attorneys, a law firm and various federal employees, including the sentencing judge. On March 21, 1996, Schweitzer was denied relief pursuant to the Writ from the 1985 conviction/sentence. The complaint thereafter turns to Schweitzer's efforts in the United States Court of Appeals for the Third Circuit to appeal all prior rulings relating to the 1985 conviction/sentence, the 1995 imposition of the enhanced criminal sentence, and the most recent denial of his Writ of Coram Nobis. Additionally, Schweitzer contends that many of the Defendants named in the complaint thwarted his appeal efforts by designing obstacles to circumvent his pro se efforts in litigating his matters. These alleged efforts include interfering with his mail while confined at LSCI-Allenwood, and the denial of his procedural and substantive due process rights by clerks, case managers and staff attorneys employed by the Third Circuit Court of Appeals.

Schweitzer also sets forth a host of allegations related to his belief that he was "shuttled" during the pendency of the appeals he filed with the Third Circuit, as well

3



as his belief that charges were improperly pursued against him based upon the 1995 federal criminal charges. He claims these activities were spearheaded by various federal Defendants in conjunction with Detective Todd of Plymouth Township, Pennsylvania.[1] Schweitzer also raises claims with respect to the failure to provide him with statutory good time credit to his 1985 sentence.

Schweitzer states he was released to a CCC in September of 1988. He raises claims with regard to the rejection of his final release plan and an incident report issued against him that resulted in his release date being rescinded and his placement back into federal custody. The Defendants associated with these claims are primarily United Stated Probation and Parole personnel. While the complaint becomes somewhat disjointed and confusing at this point, Schweitzer seems to claim that he was re-released and placed back on supervision two (2) times during the time period from February of 1999 through 2005, and sets forth improper conduct on the part of the various federal Defendants related to events occurring during this time period.[2] Also set forth are claims that certain federal Defendants "created" new criminal

---

[1] By use of the term "shuttling," Schweitzer appears to allege that various Defendants took part in the practice of improperly transferring him to different prisons during the pendency of his appeals with the Third Circuit in an effort to obstruct his access to the federal appellate system. (Doc. 15 at ¶ 122.)

[2] These particular claims will be set forth fully when addressing the pending motion to dismiss filed by the federal Defendants in this action.

4

charges against Schweitzer. The complaint lacks specific details with respect to the nature of these charges, but they are related to Schweitzer's business, and involve his partner John Dunn, also named as a Defendant in this action.

It is following the initiation of these new charges that it appears Schweitzer was represented by the moving Defendant Jeffrey Miller. Schweitzer states that between March of 2002 and July of 2003, he and Miller disclosed various information to the government with respect to the events and financial obligations of he and Dunn. Thereafter, an indictment was returned against both individuals, with Dunn pleading guilty and Schweitzer pleading not guilty. Schweitzer was subsequently released on bail. While on bail, an arrest warrant was issued for him based upon a parole violation which he claims was false. In August of 2003, Schweitzer's parole violation hearing was postponed until the following month so that Defendant Miller could attend on his behalf. Schweitzer claims he was transferred several different times for the purpose of avoiding the hearing. On November 4, 2003, a hearing was conducted before Judge Gardner with respect to Schweitzer's motion to strike information in the indictment pending on the new criminal conduct. According to Schweitzer, during the course of this hearing, Attorney Miller failed to call witnesses that Schweitzer believes were critical, and conduct cross examination with respect to the government's motive in bringing the

charges against him.[3]

The remainder of the complaint again sets forth additional allegations of "shuttling" and details further efforts made by Schweitzer to attack the alleged injustices against him, including the filing of petitions for writ of habeas corpus. With respect to the criminal charges that were still pending against him, Schweitzer states he refused to be pressured by Defendant Miller to plead guilty, and demanded his right to trial. He states that in a hearing held before Judge Gardner he was allowed to terminate his representation by Defendant Miller. According to the complaint, this occurred sometime during the time period between March of 2003 and August of 2004. New counsel was appointed, and Schweitzer claims he was thereafter forced "to enter a plea to acts known to be only State Law Breach of Contract." (Doc. 15, ¶ 201.)

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light

---

[3] Schweitzer argues that the Probable Cause Affidavit issued with respect to the criminal conduct underlying the indictment was based on the 1985 judgment that he claims is "void."

most favorable to the plaintiff." Banter v. Barellan, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evince v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Twombly, 550 U.S. at 556. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562. Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

Defendants Jeffrey Miller and the Nasuti and Miller firm first seek to dismiss the claims against them on the basis of statute of limitations. For basically the same

7

reasons set forth in this court's recent Memorandum addressing the motions to dismiss filed by Defendants Lentz and Bochetti & Lentz and Conrad O'Brien, the court agrees that Schweitzer's claims against the moving Defendants are also barred by the applicable statute of limitations, and that no tolling or continuing violations theories are viable based upon the allegations of the complaint in this case. (Doc. 72.) Without repeating the precedent set forth therein, it is enough to say that any claims pursuant to §§ 1981, 1983 and 1985 were required to be brought within two (2) years of the claimed violation. See Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91 (3d Cir. 2004)(holding that claims pursuant to Sections 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims; 42 Pa. C.S.A. § 5524(7)(Pennsylvania has a personal injury statute of limitations of two years). Even taking the latest date asserted by Schweitzer where he had any contact with Defendants, that of August 2004, his instant federal claims are clearly barred by the statute of limitations since he did not file this complaint until October 18, 2007.

While Schweitzer never identifies any specific violation by Defendants of Pennsylvania common law, the complaint suggests that he would be seeking to pursue damages for personal injury. With this said, the same two (2) years statute of

limitations would be applicable and his claim are barred.[4]

Defendants maintain that even if the claims asserted against them were not barred by the statute of limitations, they are subject to dismissal. With respect to the federal civil rights claims, they basically assert the same reasons as those advanced by Defendants Lentz, Bochetti & Lentz and Conrad O'Brien, and agreed with by the court.

With respect to any state malpractice claim[5], Defendants argue that even if not barred by the statute of limitations, any claim is subject to dismissal due to Schweitzer's failure to submit a Certificate of Merit which is required by Pennsylvania law when filing suit against an attorney for malpractice. See Pennsylvania Rule of Civil Procedure 1042.3; Chamberlain v. Giampapa, 210 F.3d 154, 160 (3d Cir. 2000)(finding that the purpose of a certificate of merit is to "assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings."). Rule 1042.3(a) applies to both pro se and

---

[4] No claims pursuant to breach of contract appear to be alleged by Schweitzer with respect to these particular Defendants.

[5] While not specifically labeling his state law claim as one for malpractice, the Defendants assume this to be the basis of his claim in that his only references to the moving Defendants are in the capacity of the alleged ineffective performance at his court proceedings and with respect to the termination of Defendants' legal representation.

represented plaintiffs, and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Iwanejko v. Cohen & Grigsby, P.C., 249 Fed. App'x 938, 944 (3d Cir. 2007)(holding that district courts must "appl[y] rule 1042.3 as substantive state law"). There is no doubt that he has failed to do so. Further, in sifting through his brief in opposition to the motion to dismiss, there is no opposition advanced by Schweitzer to Defendants' certificate of merit argument. As such, this provides a sufficient basis for the dismissal of the malpractice claims against Defendants. See generally Cashwell v. United States, No. 1:cv-09-0728, 2009 WL 2929444 (M.D. Pa. Sept. 8, 2009). For all of these reasons, the motion to dismiss will be granted. An appropriate order follows.