UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LEO F. SCHWEITZER, III,                    :
                                           :
          Plaintiff                        :
                                           :
     v.                                    : CIVIL NO. 3:CV-08-1806
                                           :
THE UNITED STATES, et al.,                 :
                                           :
          Defendants                       :

FILED
SCRANTON

APR 1 2 2011

PER _____ DEPUTY CLERK

## MEMORANDUM

In this Memorandum, the court addresses two (2) motions to dismiss pending

in the above-captioned civil rights action filed by Plaintiff, Leo F. Schweitzer, III,

pursuant to 28 U.S.C. § 2671 et. seq. (the Federal Tort Claims Act), Title 42 U.S.C.

§§ 1983, 1985(3), and 1988, and also under the common law of Pennsylvania. (Doc.

15, Compl. at 11.) The instant motions are filed by Montgomery County (Doc. 33)

and Plymouth Township and Detective Brian Todd (Doc. 24). Other Defendants

named in this action include the United States, the Attorney General and the Solicitor

General of the United States, numerous Judges, Assistant United States Attorneys,

employees of the United States Parole Commission, Federal Bureau of Investigation

and Department of Defense, private attorneys and law firms. For the reasons that

follow, both motions will be granted.

## I. Allegations in Complaint[1]

Schweitzer's complaint is divided into Six "Acts," and it is not until Act Five where any of the claims set forth against the moving Defendants appear. However, by way of background, the following allegations are set forth by Schweitzer in the complaint prior thereto. In Act One, Schweitzer details events occurring between the time period of 1977-1983 when he owned and operated Alchemy, Inc., a Pennsylvania corporation and defense contractor for the United States Department of Defense. He contends that his company suffered damages in excess of $4 million dollars due to actions of the part of the DOD which ultimately led to his filing of a Federal Tort Claim and seeking reorganization under Chapter 11. He also alleges that the DOD violated his First, Fourth, Fifth and Sixth Amendment rights.

Schweitzer then sets forth violations of his rights occurring between the time period from 1983 through July of 1985 with respect to a criminal investigation that was conducted against Schweitzer by the FBI and other named federal Defendants. He maintains that various federal Defendants, as well as counsel who represented

---

[1] While a general overview of the plethora of claims set forth by Schweitzer in his complaint is in order to make sense of the claims advanced against the moving Defendants, only those allegations specifically referencing the moving Defendants will be set forth in specific detail.

2

him, violated his rights with respect to indictments issued in his criminal case and his trial conducted before Judge Daniel Huyett of the United States District Court for the Eastern District of Pennsylvania.[2] On July 13, 1985, Schweitzer was found guilty of filing false statements and mail fraud, offenses under 18 U.S.C. §§ 1001 and 1341. He was sentenced on October 25, 1985, to fifteen (15) years in prison, and the payment of $500,000.00 restitution to the DOD. Throughout the remainder of his complaint, Schweitzer refers to this conviction as the "void 1985 conviction."

A portion of "Act One" of the complaint is also devoted to Schweitzer's unsuccessful attacks on the 1985 conviction. The conviction was affirmed by the United States Court of Appeals for the Third Circuit on August 27, 1986, and a motion filed pursuant to 28 U.S.C. § 2255 was denied on October 26, 1988. Schweitzer details how he remained in federal custody from October of 1985 through 1990, and was released on parole in October of 1990. "Act One" concludes with Schweitzer's claims against Defendant Simpson, Regional Parole Commissioner, for denying a request to release him from parole supervision.

"Act Two" focuses on Schweitzer's arrest on January 24, 1995, pursuant to a criminal complaint filed by Defendant FBI Agent McKenney, and McKenney's

---

[2] According to Schweitzer, Judge Huyett committed error when he made a "Materiality Element" determination as a matter of law, and instructed the jury that said element was established, thus directing a verdict in the case.

alleged role in thwarting Schweitzer's attempt for release on bail by providing the Magistrate Judge with false information.[3] Other federal Defendants (Assistant United States Attorney Goldberg and DOD agents) are claimed to have assisted McKenney in his efforts. Additional allegations pertain to Schweitzer's confinement in Homesburg and alleged threats made to his family for the purpose of inducing him to plead guilty. Act Two also contains allegations against counsel appointed to represent him with respect to the above criminal matter.[4] Schweitzer ultimately entered into a plea agreement wherein the government agreed to a 27-33 month prison term. The agreement was accepted by Defendant Judge Newcomer of the United States District Court for the Eastern District of Pennsylvania on or about August 21, 1995.

At some point later in the summer of 1995, Schweitzer alleges he learned of the "Gaudin v. United States" decision which he maintains supports his claim that his 1985 criminal conviction is void.[5] He argues that he raised this issue before

---

[3] Schweitzer claims the federal Defendants informed the Magistrate Judge that a detainer was going to be placed on him based upon the "void" 1985 conviction.

[4] A motion to dismiss the complaint filed by said counsel, Defendants Lentz and Bochetto & Lentz, was granted in this action on March 28, 2011. (Docs. 72, 73.)

[5] While Schweitzer does not provide a citation for Gaudin, the court believes he is referring to the case of U.S. v. Gaudin, 515 U.S. 506 (1995).

4

Defendant Newcomer, and objected to the use of the 1985 "void" conviction for the purpose of sentencing enhancements with respect to the case in which he had recently entered a plea. According to Schweitzer, Newcomer refused to hear his objections unless in writing, and postponed his sentencing. Schweitzer claims that appointed counsel refused to argue the Gaudin case because he was only appointed to represent Schweitzer for the purpose of entering a plea. At some point prior to November of 1995, the representation was terminated and Schweitzer filed a "Writ of Error Coram Nobis" in an effort to preserve his Gaudin argument. However, Defendant Newcomer refused to consider the Gaudin argument and, on November 7, 1995, imposed an enhanced sentence of 41 months. Newcomer informed Schweitzer that any argument with respect to the Gaudin case would have to be presented to Defendant Huyett, the original sentencing judge with respect to the 1985 conviction. According to Schweitzer, a Notice of Appeal was filed with regard to this decision.

In "Act Three" of the Complaint, Schweitzer contends that he filed a Writ of Error Coram Nobis on November 30, 1995, with Judge Huyett challenging his 1985 conviction on the basis of the Gaudin decision. After receiving no response thereto, he motioned the Clerk of Court to enter default, sometime between December of 1995 and January of 1996. He claims that despite the existence of a valid default, Defendant Judson A. Aaron, "an attorney who, depending upon circumstances, either

5

worked for Conrad, O'Brian (sic), Gellman, and Rhon, P.C. or as an AUSA" submitted a response to the writ on February 16, 1996, in an effort to circumvent the default and to urge the court to protect the "void" 1985 judgment from review. (Doc. 15 at ¶¶ 93-95.) On March 21, 1996, Judge Huyett failed to grant Schweitzer relief from the 1985 conviction and sentence.[6]

In Act Four, Schweitzer sets forth claims with respect to his attempts to appeal all denials related to his challenges to the 1995 enhanced sentence, as well as the denial of his Coram Nobis petition. He claims that due to his "pro se" status, his filings were subjected to "classifying and filtering" by various federal employees ranging from clerks, to staff attorneys and case managers, including Defendant P. Douglas Sisk, Clerk of Court for the Third Circuit Court of Appeals. He claims these actions violated his substantive and procedural due process rights.

In 1996, Schweitzer filed a habeas corpus petition in the United States District Court for the Middle District of Pennsylvania challenging the 1995 sentence claiming it was enhanced based upon the "void"1985 conviction. The petition was denied, and the denial affirmed by the Third Circuit Court of Appeals. Although a § 2255 motion was later filed in the Eastern District of Pennsylvania, Schweitzer claims he received

---

[6] The claims set forth against Defendant Conrad O'Brien were dismissed on March 28, 2011. (Docs. 72, 73.)

6

no response thereto.

It is not until Act Five that Montgomery County, Plymouth Township and Defendant Todd are discussed. Schweitzer alleges that during the pendency of his direct appeals, he was "shuttled" and removed to the Montgomery County Correctional Center for arraignment on charges he claims were "based upon the 1995 federal charges and FBI Agent McKenney." (Doc. 15 ¶ 119.) Specifically, he contends that Defendant Brian Todd, a detective with Plymouth Township, filed an Affidavit of Probable Cause that relied upon information from Defendant FBI Agent McKenney and the 1995 federal charges, to "press his complaint." (Id. ¶ 120.) Schweitzer concludes that as a direct result of the "intentional, reckless, and/or negligent actions or omissions" of Todd, McKenney, and AUSAs Aaron and Goldberg, Plymouth Township, and the State of Pennsylvania, his access to the federal appellate courts was intentionally circumvented and obstructed when he was transferred during a critical stage of the appellate proceedings. He specifically references the following actions pending at that time: 95-1977; 95-2010; 95-2015, 96-1016 and 96-1392 and complains that Defendants' actions impeded the Third Circuit's scheduling orders and his briefs in response to motions. (Id. ¶ 121.) The complaint also appears to contain an allegation that his transfer to a different prison

7

was in violation of Federal Rule of Appellate Procedure 23(a)[7]. (Id. ¶ 122.)

Schweitzer contends that Defendants' conduct violated his rights under the due process and equal protection clauses, the First Amendment, and the rules, regulations and policies of Montgomery County and Plymouth Township, Pennsylvania. He states that all Defendants had knowledge, either directly or constructively of the constitutional infirmity of the "1985 void judgment," that can be inferred from their actions in circumventing his appellate review. He claims that Defendant Todd was acting within the scope of his employment with Plymouth Township. Schweitzer specifically mentions the time period of January 1997 through February 1997 as critical to his appeals pending at that time. (Id. ¶ 127.)

Defendants Plymouth Township, Detective Todd and Montgomery County do not appear in the remaining allegations set forth in Act Five or in Act Six of the

_____

[7] Rule 23(a) provides as follows:

> (a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a).

8

complaint. The remaining allegations pertain to a 48 month "hit" imposed by the United States Parole Commission for parole violation conduct and challenges Schweitzer raises regarding sentence credit. He also sets forth claims regarding his release from a CCC in September of 1998, his subsequent placement back in federal custody, his re-release in February of 1999, his arrest in December of 2001, and his release again in March of 2002. Claims are set forth against various federal Defendants including U.S. Probation and Parole Agents, DOD agents and Assistant United States Attorneys. A myriad of claims are also included regarding a later indictment returned against Schweitzer and his former business partner sometime in 2003, and the criminal proceedings and parole ramifications that followed. During the pages of allegations with respect to the foregoing, there is no mention of the moving Defendants. In Schweitzer's demand for relief, he requests compensatory damages in the amount of $1,154,901,390.00, as well as costs, fees and whatever the court deems just.

## II. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the...claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(explaining that Rule 8 requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a

10

claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

### A. Defendant Montgomery County

In the pending motion to dismiss, Montgomery County argues that it is not named as a Defendant in either the complaint's caption or the numerous paragraph's contained therein. Further, even if the complaint is construed to somehow assert allegations against Montgomery County, Defendant maintains that Schweitzer fails to set forth any viable claims. (Doc. 33 at 2.)

A review of the complaint confirms that "Montgomery County" is not specifically identified as a Defendant in the caption of the complaint. However, Schweitzer identifies "Montgomery Township, Pennsylvania" as a Defendant in the caption. (Doc. 15 at 10.) In the body of the complaint, the court finds references to

11

"Montgomery County" to the extent that Schweitzer contends that Defendant Todd, while acting within the scope of his employment, allegedly violated his rights while acting pursuant to the laws, ordinances, policies and customs of the Commonwealth of Pennsylvania, the County of Montgomery and/or Plymouth Township. (Id. at 13; Doc. 15-2 at 3.) Thus, in reading the complaint in the utmost liberal sense, the court construes Schweitzer to name Montgomery County as a Defendant even though he fails to specifically identify it as such.

With this said, it is first evident that any claims set forth against Montgomery County are clearly barred by the two (2) year statute of limitations that applies to the instant claims.[8] Schweitzer's claims arise from his incarceration at the Montgomery County Correctional Facility that occurred between January of 1997 and February of 1997. (Doc. 15 ¶ 127.) In applying the statute of limitations, Schweitzer was required to assert his claims on or before February 27, 1999, two (2) years from the date he was released from the Montgomery County Correctional Facility. Even if Schweitzer could set forth a viable access to the courts claim, he states in his complaint that the "critical time" with respect to his appeals was from January 1997 through February 1997. According to the dockets in the Third Circuit Court of

---

[8] The applicable legal principles have been thoroughly set forth in the decisions issued in this action in March of 2011, and as such the court will assume the parties knowledge thereof and will not repeat them herein. (See Docs. 72 and 74.)

12

Appeals with respect to the appeals Schweitzer references in his complaint, the latest of these appeals was decided on May 15, 1997.[9] Thus, even running the applicable statutory period from this date, Schweitzer still falls more than 8 years outside of the applicable statutory period in filing this complaint on October 18, 2007. Nevertheless, and without any factual support whatsoever, Schweitzer attempts to allege an elaborate scheme of conspiracy on behalf of county, state and federal Defendants over the course of more than twenty (20) years to improperly pursue and process criminal charges against him, thwart his parole efforts, and financially ruin him. He does so without alleging any facts to support his sweeping, speculative conclusions that attack convictions and sentences he has previously been unsuccessful in challenging.

Without devoting pages to the alternative arguments raised by Montgomery County in the pending motion to dismiss, the court does find many of the alternative grounds for seeking dismissal of the complaint to be well-taken. The complaint fails to allege any basis for inferring that Montgomery County had any role in Schweitzer's transfer to the Montgomery County Correctional Facility pursuant to

---

[9] Defendant Montgomery County joins in the arguments set forth by Defendants Todd and Plymouth County in their motion to dismiss. In arguing that Schweitzer's claims are barred by the statute of limitations, Defendants rely on the Third Circuit dockets with respect to his appeals, and asks that the court take judicial notice thereof. (Doc. 24 at 6-7.)

13

Fed. R. App. P. 23(a) or otherwise. In addition, it is well established that an inmate has no right to be confined in any particular prison. See Meachum v. Fano, 427 U.S. 215, 225 (1976). Further, there are simply no allegations identifying any official policy or custom of Montgomery County that resulted in a violation of Schweitzer's constitutional rights. Most importantly, there is no question that the claims set forth by Schweitzer would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), in that a finding in his favor would clearly imply the invalidity of his underlying criminal conviction(s). Schweitzer can not recover monetary damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by alleged actions that would render his conviction or imprisonment invalid without first demonstrating that the conviction or sentence has been declared invalid. This clearly is not the case here. Schweitzer pled guilty to the charge brought against him by Defendant Todd, and there is no demonstration that Schweitzer has been successful in challenging said conviction.[10] For these reasons, the motion to dismiss filed by Montgomery County will be granted.

## B. Motion to Dismiss filed by Defendants Todd and Plymouth Township

[19] The court takes judicial notice of the Montgomery County Court of Common Pleas docket in Commonwealth of Pennsylvania v. Schweitzer, CP-46-CR-0000113-1997.

14

Defendants Todd and Plymouth Township also move to dismiss the claims set forth against them. Schweitzer maintains that Todd, as a detective employed with Plymouth Township, acted improperly with respect to (1) the Affidavit of Probable Cause he filed with respect to the Montgomery County criminal action and (2) "shuttling" him in an effort to interfere with his pursuit of appeals filed with the Third Circuit. These claims are clearly barred by the statute of limitations pursuant to the same legal principles already set forth in this action. Again, taking judicial notice of the criminal docket in Montgomery County (see Doc. 24-3, Ex. B, Commonwealth of Pennsylvania v. Schweitzer, CP-46-CR-0000113-1997), as well as the dockets for the appeals pending in the Third Circuit Court of Appeals (see Doc. 24-3, Ex. D), it is clear that Schweitzer's claims as set forth in the instant complaint filed on October 18, 2007, fall well outside of the two (2) year statute of limitations. The Montgomery County docket reveals that Schweitzer entered a guilty plea in said action on February 24, 1997. However, he never pursued the instant claims challenging Todd's improper actions until eight (8) years after the expiration of the applicable statute of limitations for raising those claims. He bases his allegations against Todd on the use of improper information in the Affidavit of Probable Cause. Surely by the time he entered his guilty plea he was more than aware of any potential claim against Todd. Further, with respect to any access to the courts claims, the last of the appeals identified by

15

Schweitzer as being interfered with by Defendants, was exhausted by May 15, 1997. Thus, any civil rights claims Schweitzer seeks to pursue in the instant complaint filed in October of 2007 are clearly time-barred.

Schweitzer attempts to escape dismissal of his claims as barred by the statute of limitations by arguing theories of "continuing conspiracy," "continuing tort," and "continuing violations." These theories have been rejected by the court in the earlier decisions issued in this action in that there are simply no facts alleged to support these theories. Rather, Schweitzer attempts to "repackage" the claims he has already presented to numerous courts in an effort to launch yet another attack on his underlying convictions and sentences by now alleging a master conspiracy among numerous county, state and federal defendants spanning the duration of his criminal career.

The alternative grounds for dismissal of the complaint advanced by Defendants are also solid. For example, they maintain that the doctrine of collateral estoppel, see Allen v. McCurry, 449 U.S. 90 (1980), bars Schweitzer from now attempting to litigate scores of claims that he had numerous opportunities to litigate prior to this action during his many lawsuits filed in both the United States District Courts for the Eastern and Middle Districts of Pennsylvania. In addition, their request for the dismissal of claims based upon the principles announced in Heck v. Humprey, 512

16

U.S. 477 (1994) also have merit. Not only would findings favorable to Schweitzer in this case imply the invalidity of his Montgomery County sentence, but also his 1985 and 1995 sentences. As the documents in this case clearly reveal, Schweitzer has not been successful in reversing, expunging, declaring invalid or calling into question any of his convictions and sentences. There also is no private cause of action for damages available to Schweitzer under the Pennsylvania Constitution. See Ryan v. General Machine Products, 277 F. Supp. 2d 585 (E.D. Pa. 2003).

Even addressing the merits of the assertions against Defendants, the complaint fails to set forth viable claims. While Schweitzer complains that his constitutional rights were violated with respect to the Affidavit of Probable Cause, he admits that he pled guilty to the charges filed against him. Further, the only other charge set forth is with respect to Todd's "shuttling" of Schweitzer during a critical stage of the appeals regarding his 1985 conviction. First, Schweitzer has no right to be confined in any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Moreover, there are no facts to indicate that Todd or Plymouth Township played any role in Schweitzer's housing assignments.

With respect to the access to the courts claims, and Schweitzer's contention that Defendants interfered with his ability to litigate his appeals during the critical time period between January 1997 through February 1997, the court takes judicial

17

notice of the relevant Third Circuit dockets. The dockets reveal activity on
Schweitzer's part during the relevant time frame. They reveal that Schweitzer had
contact with the Third Circuit during the relevant time periods, and was actually
granted enlargements of time to file reply briefs. The dockets further reveal that reply
briefs were submitted in many of his appeals in March of 1997, prior to the appellate
court's consideration of his appeals.

Finally, the court will address Schweitzer's attempt to set forth a cause of
action against Defendants based upon Monell v. Department of Social Services, 436
U.S. 658, 694 (1978). Under a Monell theory, "municipalities and other local
government units are among those 'persons' to whom Section 1983 applies." Meyers
v. Schuylkill Co. Prison, No. 4:CV-04-1123, 2006 WL 559467, at *9 (M.D. Pa.
2006). In order to state a legally sufficient claim for municipal liability under Section
1983, a plaintiff must plead the existence of a municipal policy or custom and that
said policy or custom caused the alleged constitutional violation. Monell, 436 U.S. at
694. A plaintiff can establish municipal liability in one of two ways: (1) by showing
that a policy existed "'when a decision maker possessing final authority to establish
municipal policy with respect to the action issues an official proclamation, policy or
edict,'" or (2) "'by showing that a given course of conduct, although not specifically
endorsed or authorized by law, is so well-settled and permanent to virtually constitute

18

law'." <u>Hayes v. Erie Cty. Office of Children and Youth</u>, 497 F. Supp. 2d 684, 702 (W.D. Pa. 2007)(quoting <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990)). To sustain a Section 1983 claim for municipal liability under a custom theory, the plaintiff must "establish a municipal custom coupled with causation - i.e. that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 972 (3d Cir. 1996).

Where, as here, the allegations appear to include a claimed failure to train municipal employees, "liability under Section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." <u>Carter v. City of Philadelphia</u>, 181 F.3d 339, 357 (3d Cir.), <u>cert. denied sub nom</u>, 528 U.S. 1005 (1999). There must also be a causal nexus between the alleged deficiency in the training program and the constitutional injury. <u>See</u> <u>Woloszyn v. County of Lawrence</u>, 396 F.3d 314, 325 (3d Cir. 2005).

While there is no requirement that Schweitzer identify a specific policy in order to survive a motion to dismiss, <u>see</u> <u>Carter</u>, 181 F.3d at 358, the court finds that his complaint is wholly lacking in any allegations supporting the existence of a municipal policy or custom that caused his constitutional rights to be violated. As such, he fails to state a claim under <u>Monell</u>. Based on the forgoing, Defendants' motion to dismiss

will be granted.

The court is fully cognizant of the liberal pleading standard and that plaintiffs should generally be granted leave to amend their claims before dismissing a complaint. See Grayson, 293 F.3d at 108. However, amendment need not be permitted where it would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this action, it is clear that the statute of limitations has long expired with respect to the claims set forth against Defendant Montgomery County and Defendants Todd and Plymouth Township. As such any amendment would be futile. An appropriate order follows.